UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LACRETIA ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| IVY TECH COMMUNITY COLLEGE OF INDIANA, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, LaCretia Allen ("Allen"), by counsel, against Defendant, Ivy Tech Community College of Indiana ("Defendant") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C §2000e *et. seq*. and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

**II. PARTIES**

2. Allen is a resident of Hamilton County, Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer," as that term is defined by 42 U.S.C. §2000e(b)

6. Allen was an "employee," as that term is defined by 42 U.S.C. §2000e(f).

7. Allen satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination (Charge No.470-2024-05304) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her race and retaliation for engaging in protected activity. Allen received her Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV. FACTUAL ALLEGATIONS

9. Allen, a Black woman, was hired by Defendant in 2013 and worked as an Adjunct Baking Instructor.

10. At all relevant times, Allen met or exceeded Defendant's legitimate performance expectations.

11. Allen informed Jenniffer Schouppe ("Schouppe"), the Defendant's Baking and Pastry Arts Program Coordinator, that she wanted to teach during the day and take on more classes for the 2021 school year. Despite this request, Allen was assigned only two classes for the year.

12. Shortly thereafter, Angel Bartholomy ("Bartholomy"), a White woman, was hired by the Defendant and assigned four classes to instruct.

13. During the 2022 school year, Allen was initially assigned an additional daytime class; however, it was reassigned to Bartholomy after one of her classes was cancelled. When

Allen had classes cancelled, Defendant did not reassign her to ensure she maintained a full course load.

14. In or around January 2023, Allen applied for a Faculty Hospitality position with Defendant. Allen was not interviewed for the position, which was instead filled by Matt Jarson, a White male.

15. In or around December 2023, Allen informed Defendant's Program Chair, Jeff Bricker ("Bricker") about being denied the Faculty Hospitality position. Bricker stated that Schouppe told him that Allen was not interested in teaching, and this was the reason she had been overlooked for the position.

16. Bricker then informed Allen that the Baking and Pastry Arts Instructor position would soon be posted. Allen attempted to apply internally but was denied access and was forced to contact the IT Department. IT informed Allen that she had been blocked but was able to unblock access and allow her to apply internally.

17. Shortly thereafter, in or around December 2023, Allen applied for the Bakery and Pastry Arts Instructor position. Despite teaching for Defendant for nearly 11 years, having a national platform as a skilled pastry chef, and being recognized in the school's hall of fame, Allen was denied the position. Defendant hired Bartholomy for the position.

18. On or around February 23, 2024, Allen was put in contact with Fred Parker ("Parker"), Vice Chancellor of HR. Parker advised Allen not to file a report and suggested that the issues be handled internally.

19. Around this time, Allen also contacted the Diversity Equity and Belonging ("DEB") organization on campus to report the race discrimination that she was experiencing.

After discussing her grievances with both the HR department and the DEB organization, Allen reached out to another DEB group from another city to ask for help.

20. On or about March 1, 2024, Allen met with Anna Bonilla ("Bonilla"), Executive Director of DEB to discuss her concerns about diversity and submitted another complaint 3 days later about Defendant's Hospitality Administration program being out of compliance with teaching hours. Then, on April 1, 2024, Bonilla informed Allen that additional training was being coordinated with the Hospitality Administration program. The following day, Allen reiterated her concerns of not having a fair interview process or hiring committee for the Baking and Pastry Arts faculty position.

21. In or around early April 2024, Allen filed a report through "Ethicspoint." Shortly thereafter, Jennifer Thomas ("Thomas"), a representative from Defendant's HR department, reached out wanting to meet with Allen. Thomas and Allen talked on the phone, during which Thomas said that Allen needed to stop talking to other people about Schouppe. Allen responded that she had never said anything negative about Schouppe, and in an attempt to resolve conflict, Allen asked for a meeting with all parties involved. Thomas denied a meeting with all parties, stating that "the students are what is important."

22. Despite Allen's repeated efforts to file grievances and seek assistance, Defendant has failed to take any action to address her concerns.

23. On or around May 28, 2024, Allen asked Schouppe about available teaching assignments for the Fall semester. Schouppe informed Allen that both daytime and nighttime slots were covered and subsequently removed Allen from the schedule following her request.

24. Defendant has also failed to classify Allen as an Associate Professor, despite her providing all the necessary credentials.

25. On or about October 11, 2024 Defendant found all of Allen's various complaints of race discrimination to be unsubstantiated.

## V. CAUSES OF ACTION

### COUNT I: RACE DISCRIMINATION

26. Allen hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint as if the same were set forth at length herein.

27. Defendant discriminated against, subjected Allen to disparate treatment and terms of employment, and removed her from the teaching schedule on the basis of her race.

28. Defendant's actions were intentional, willful, and taken in reckless disregard of Allen's rights as protected by Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

29. Allen has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: RETALIATION

30. Allen hereby incorporates paragraphs one (1) through twenty-nine (29) of her Complaint as if the same were set forth at length herein.

31. Allen engaged in a protected activity when she complained of disparate treatment and less favorable terms and conditions of employment between herself and others outside of her protected class.

32. Defendant retaliated against Allen for engaging in protected activity by removing her from the teaching schedule and blocking her application for internal position.

33. Defendant's actions were intentional, willful, and taken in reckless disregard for Allen's rights as protected by Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

34. Allen has suffered damages as a result of Defendant's unlawful actions.

## VI. <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff, LaCretia Allen, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their race and/or retaliates against any employee after engaging in a protected activity;

3. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages for violations of Title VII and 42 U.S.C. § 1981;

6. Award Plaintiff punitive damages for Defendants' violations of Title VII and 42 U.S.C. § 1981;

7. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

8. Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

9. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

By: /s/ Andrew Dutkanych III
Andrew Dutkanych II, Atty No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Office: (317) 991-4765
Facsimile: (812) 424-1005
E-Mail: ad@bdlegal.com

*Attorney for Plaintiff, LaCretia Allen*

## DEMAND FOR JURY TRIAL

Plaintiff, LaCretia Allen, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Office: (317) 991-4765
Facsimile: (812) 424-1005
E-Mail: ad@bdlegal.com

*Attorney for Plaintiff, LaCretia Allen*